## SMART v. SOUTHERN ADVANCE BAG & PAPER CO.

### No. 5438.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Earl E. Kidd, C. D. Moss, and R. W. Oglesby, all of Winnfield, for appellant.

W. D. Goff, of Arcadia, and Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

DREW, Judge.

In plaintiff's original petition he alleged that the defendant was indebted unto him in the amount of $10,000 for injuries he had received. This petition was drawn in alternative form, being first concerned with the allegation that plaintiff was injured while in the employ of the defendant company and in the regular scope of his employment. Upon this basis plaintiff prayed for judgment in the amount of the maximum allowance under the Workmen's Compensation Laws of the state of Louisiana (Act No. 20 of 1914, as amended). In the alternative, he alleged that in the event the court should find he was not in the employ of defendant, then defendant was indebted unto him in the amount of $10,000 for injuries sustained while he was upon that company's premises on February 25, 1932. He alleged that while on said premises as an invitee he was struck on the head by a descending elevator, due to the careless and negligent manner in which it was being operated by defendant's agents or employees and due to the defendant's negligence in permitting the elevator to be operated, in a place where the public was invited to come, without maintaining a sufficient watch so as to warn innocent invitees of the danger thereof. He alleged that his injuries permanently and totally disabled him.

Defendant filed an exception to this petition upon the ground that it did not comply with the pleading and practice act of the state of Louisiana. This exception was filed February 13, 1933. It was not disposed of by the trial court, whereupon, on August 30, 1934, more than a year after the date of the alleged injury, an order was obtained from the trial court permitting the filing of an amended and supplemental petition. This amended and supplemental petition readopted and reaffirmed each and every allegation of the original petition, and further alleged the details of plaintiff's employment by defendant, the details of the wages plaintiff received, and that the injuries were sustained while he was within the scope of his employment. He further alleged that the defendant had notice of the alleged injury and that he was due, under the Workmen's Compensation Laws,

the sum of $20 per week for a period of 400 weeks. In the alternative, the amended petition further alleged that should the court find plaintiff was not in the employ of defendant, then he was entitled to recover under article 2315 of the Revised Civil Code; that he received the injuries when he went into the mercantile establishment of defendant for the purpose of purchasing feed, which store was serving the general public and was a place where the public was invited to enter. He alleged he had entered the store and was invited by one of the clerks, an employee of defendant, to go into an adjoining room to inspect the type of feed he desired to buy; that in walking from the room where he was into the room where the feed was located, the elevator, which was not then attended, operated or under the control of any person, fell upon and struck him on the head, causing the injuries described. He further alleged that the elevator, which operated between the first and second floors of said store building, was crudely constructed, having no sides and being nothing more than a small platform hoisted by a wire cable, there being no inclosures or guardrails of any character around the shaft in which it operated. He further alleged that there were no warnings of any kind as to the dangers incident to the elevator being operated in the manner described, and that he had no notice or warning of any nature as to the dangers involved.

In said amended petition, plaintiff itemized his damages.

The defendant excepted to the original and amended petitions for the reason that they failed to show that the injuries complained of or damage claimed came within the compensation laws of the state of Louisiana. It likewise filed a plea of prescription of one year as to his claim for damages under article 2315 of the Civil Code, and also filed an exception of no cause and no right of action.

The trial court sustained the first exception above mentioned and ordered stricken from the petition all allegations pertaining to the Workmen's Compensation Laws. It overruled the plea of prescription and the exceptions of no cause and no right of action.

On February 1, 1935, defendant answered, generally denying the allegations of plaintiff's petition. In further answering, it alleged in the alternative that if the court should find that plaintiff was injured on defendant's premises, then and in that event plaintiff was injured as a result of his own negligence.

Thereafter, on June 10, 1935, the plaintiff filed an affidavit to the effect that he had discharged the attorneys who had been representing him in the proceedings because of their continuous delay in bringing the case to trial. Following this, the attorneys who are presently prosecuting the suit were employed.

On the trial of the case the lower court rendered judgment rejecting the demands of plaintiff, and from that judgment plaintiff has perfected this appeal.

In this court plaintiff has abandoned his claim under the Workmen's Compensation Law, and is only prosecuting his claim under article 2315 of the Revised Civil Code.

The first question to determine in the case is one of fact. Did plaintiff receive an injury at defendant's place of business for which defendant is liable?

The entire case is predicated upon the alleged fact that the elevator which operated between the first and second floors of defendant's store suddenly fell, striking plaintiff on the head and causing his present condition. The only testimony offered by plaintiff on this point is that of two colored men who were in his employ, namely, Elijah Mallory and Tommie Mosley. In corroboration of their testimony, he offered that of a lady on whose place he lived and for whom he had worked for many years. We will discuss their testimony later.

Defendant operates a store in the town of Hodge, La. It is located in a two-story building. There is an elevator, operated by electricity, which is used to carry from the lower floor to the second floor goods which are stored on the lower floor. The distance the elevator travels in ascending from the lower to the upper floor is approximately 12 feet. It is operated by pushing a button, either the one on the elevator, the one on the first floor, or the one on the second floor, there being three buttons by which the elevator can be operated. In order to keep it moving, it is necessary to continue to press on the button. The moment the pressure on the button is released, the elevator stops. When moving, it makes much noise and can be heard over the entire store building. It ascends and descends very slowly. The actual time taken to descend the 12 feet is one minute and two or three seconds, and the time to ascend is one minute. It is shown conclusively that it cannot, under any condition, suddenly fall, and

even if the cables which carry it should break it is constructed in such a manner that it would immediately stop and remain suspended wherever it was when the break occurred. In entering the lower floor and going to the room where the feedstuff is kept, it is necessary to pass under the elevator, which is kept suspended when not in use, usually about 8 or 9 feet above the lower floor. It was so suspended on the afternoon plaintiff claims to have been injured by its sudden fall.

At the time of the trial, some three and one-half years after the alleged date of the accident, plaintiff was totally and permanently disabled, being partially paralyzed, and his testimony was of no benefit to the court. He did not remember anything about the accident nor how it occurred. His contention as testified to by the two witnesses, Mallory and Mosley, is that he was following the salesman under the elevator going to the feed room to look at some feed he intended to buy for his oxen and mules, and that just as he got under the elevator it suddenly, without warning or noise, dropped from where it was suspended about 9 feet above the floor to about 4½ feet from the floor, striking plaintiff on the head and knocking him to the floor; that they picked him up, at which time he was unconscious and bleeding from the mouth, nose, and ears, and assisted him to the front of the store building and placed him in the car driven by the lady for whom he worked; and that she immediately drove him to his home. The lady attempted to corroborate them in this line of testimony. She testified that she drove to the store between 11 and 12 o'clock in the morning to meet the plaintiff, and soon after she arrived she sent the witness Mosley to the feed department to notify plaintiff that she was there; that he immediately returned with the plaintiff in the condition above stated, put him in her car, and she drove him to his home where she left him; that she did not call a doctor and thought he would be all right. Mosley, whom she testified she sent to notify plaintiff, swears he did not see the lady that day until he assisted plaintiff out to her car. Mosley and Mallory place the time of the accident at approximately 3 o'clock in the afternoon.

Although the testimony of the three above-mentioned witnesses is greatly in conflict, we deem it unnecessary to further discuss that phase of the case, for under the evidence as to the manner the elevator is constructed, how it works, etc., it was a physical impossibility for the alleged accident to have occurred as they testified it did. The elevator could not have dropped as they claimed, and if it descended at all, it could not have moved fast as claimed by these witnesses, and certainly would have made sufficient noise to have warned plaintiff of its descent. We are confident the lower court had the same view in regard to this fact as we, for the court, attorneys, and witnesses visited the store during the trial of this case and viewed the elevator, and the evidence is there had been no change made in it from the date of the alleged accident until the date of the trial.

We feel certain the two witnesses for plaintiff did not see the accident they have testified about, and this causes us to give much credence to the testimony of the two employees of defendant who were waiting on plaintiff, when they swore they did not see any one in the store with plaintiff or during the time he was in there. Their testimony in substance is that about 6:30 in the afternoon of the day of the alleged accident, plaintiff came into the store by himself and wanted to purchase a sack of oats; that he did not have sufficient funds to buy the oats and decided to buy a sack of chops; that one of them opened the back door where feed is usually delivered to customers and then proceeded to the feed room, passing under the suspended elevator which at the time was 8 or 9 feet above the lower floor; that he opened the feed room and on looking around found plaintiff standing close by him rubbing one side of his head. He asked him what was the matter, and plaintiff replied that he had bumped his head; that he then got his sack of chops out of the feed room and carried it to the back door where it was customary to deliver it and put it down. Plaintiff immediately picked the sack of chops up and went out the door with it. They testify that the elevator had not changed positions from the time plaintiff entered until after he had gone. At no time did either of them see the two witnesses who testified for plaintiff. Just what plaintiff bumped his head on they did not know, but are sure he did not strike and was not struck by the elevator. He could have accidentally bumped his head against boxes, etc., that were in the store room. The place was at the time, however, well lighted. We are convinced no accident happened to plaintiff as alleged by him. We are, however, convinced that he did at that time bump his head slightly on some ob-

ject. No one but him knows what he bumped against, and it is not shown there was anything in the building for him to bump into unless by negligence on his part.

Plaintiff contends the rule of res ipsa loquitur should apply in this case. We see no application of it under the facts that we have found.

Plaintiff also invokes Act No. 301 of 1908 regarding the construction of elevators in certain establishments. It has no application here for the reason the elevator is not involved under the facts we find.

We are convinced the lower court was eminently correct in rejecting the demands of plaintiff, and the judgment is therefore affirmed with costs.

Our finding on the merits makes it unnecessary to discuss the exceptions and pleas filed by defendant, and which are only urged here in case we found the facts to be with plaintiff.